

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-15-2003

# Roche v. NJ Mfg Ins Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4353

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Roche v. NJ Mfg Ins Co" (2003). *2003 Decisions.* Paper 205.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/205

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-4353

KATHRYN ROCHE,

Appellant

v.

NEW JERSEY MANUFACTURERS INSURANCE COMPANY

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE
DISTRICT OF PENNSYLVANIA

(Dist. Court No.  00-cv-02051)
District Court Judge: Hon. Malcolm Muir

Submitted Under Third Circuit LAR 34.1(a)
September 11, 2003

Before: ALITO, BARRY and AMBRO, Circuit Judges.

(Opinion Filed: October 15, 2003)

OPINION OF THE COURT

ALITO, <u>Circuit Judge</u>:

After suffering extensive injuries in an automobile accident, Kathryn Roche filed this action in the United States District Court for the Middle District of Pennsylvania against New Jersey Manufacturers Insurance Company ("NJMIC") claiming that NJMIC, by failing to pay her insurance claim, had breached its contractual obligations under an insurance contract and its duty of good faith. After a bench trial, the District Court found that Roche was entitled to $24,910.44 plus interest from NJMIC, that NJMIC had not breached its duty of good faith, and that Roche was not entitled to attorney's fees. The District Court concluded that the amount owed to Roche was limited by the cost containment provisions of the Pennsylvania Motor Vehicle Financial Responsibility Act (hereinafter "Act 6"), 75 Pa.C.S.A. § 1797.

I.

On appeal, Roche first argues that the cost containment provision of Act 6 does not apply to her situation. We do not agree. Rather, we believe that the explanation in <u>Pittsburgh Neurosurgery Assocs., Inc. v. Danner</u>, 733 A.2d 1279 (Pa. Super. 1999), of the legislative intent behind Act 6 strongly supports the District Court's interpretation. In <u>Pittsburgh Neurosurgery</u>, the court observed that, "[i]n enacting § 1797 our legislature sought to reduce insurance premiums by capping medical costs. Medical providers who treat automobile accident victims and who will receive their payments from certain delineated forms of insurance necessarily receive less compensation for their services to

achieve the legislature's goal. The legislature in enacting this legislature [sic] sought to favor the general public's interest in reducing automobile insurance premiums at the expense of health care providers . . . ." Id. at 1285.

Roche argues, however, that 31 Pa. Code § 69.22(f) allows full reimbursement of her medical costs. According to Roche, this regulation is substantially similar to Sections 306(f.1)(3)(1) and 319 of the Workers' Compensation Act (hereinafter "WCA"), 77 Pa. C.S.A. §§ 531(3)(I) and 671, which the Pennsylvania courts have interpreted to require full reimbursement of the amount paid by a health carrier. In making this argument, Roche relies on Villanova University v. WCAB (Mantle), 783 A.2d 366 (Pa. Commw. Ct. 2001). However, we do not find the provisions of WCA to be substantially similar to 31 Pa. Code § 69.22(f) because, among other things, neither Section 69.22(f) nor any other applicable regulation contains a subrogation provision like that found in the WCA. The subrogation provision of Act 6 found at 75 Pa.C.S.A. § 1720 also does not support Roche's position.

## II.

Roche contends that NJMIC failed to conform to Pennsylvania Insurance Department Regulations and NJMIC's own internal regulations by not providing a first-party medical application form to Roche upon notification of the accident and injuries. However, Roche has not identified any specific provision of the Pennsylvania Insurance Department Regulations that NJMIC violated, and our own review of those regulations

-3-

has not disclosed any such requirement. The testimony in the record to which Roche points as indicating such an internal policy at NJMIC also does not support Roche's argument.

## III.

Roche's third argument is that the District Court placed the burden of determining the cost containment amounts payable upon Roche herself rather than upon NJMIC. However, this argument is without merit. The District Court did not require Roche to make this determination. Rather, it merely found that Roche had not supplied NJMIC with the requisite information upon which it could make a determination of the amount of the medical bills that were payable.

## IV.

Roche's next argument is that the District Court did not properly enforce 75 Pa.C.S.A. § 1716, which provides in part that "[b]enefits are overdue if not paid within 30 days after the insurer receives reasonable proof of the amount of the benefits." This provision also states that 12% interest will accrue on overdue benefits. Id. The District Court awarded interest from January 1, 2001. Roche believes the date from which interest should have accrued to be earlier. The determination of when NJMIC received reasonable proof of the amount of the benefits due is one of fact. Our examination of the District Court's determination shows no clear error on its part. Therefore, its determination must stand.

V.

Roche argues that the District Court erred in its application of Act 6 to her initial hospitalization. 31 Pa. Code § 69.12 exempts certain treatments from the cost limitations. These treatments include acute care and services for life-threatening or urgent injuries. Even where the injuries are not urgent or life-threatening, the exemption can apply to the initial assessment. See 31 Pa. Code § 69.12. Here, however, there is no evidence in the record that such an initial assessment was made or that an assessment at this initial phase indicated whether Roche's injuries were or were not life-threatening and urgent. Therefore, we conclude that the District Court did not err in applying Act 6 cost containment provisions to the initial hospitalization.

VI.

Roche argues that the District Court erred in applying the law of the case. Roche does not indicate what she believes the law of the case to have been or how it became the law of the case. Nor does she cite any authority to support her argument. We therefore reject this argument.

VII.

Roche's next argument is that the District Court erred in awarding only the sum of $21,151.04 and in failing to heed what Roche claims are admissions on the part of NJMIC that the actual total was $42,672.56. But the record indicates that NJMIC did not make such admissions. The document to which Roche points, NJMIC's Supplemental

Findings of Fact and Conclusions of Law, simply takes issue with Roche's own exhibit and states what the correct unpaid total would be under this exhibit. After stating this corrected amount, NJMIC denies that it owes this amount. See Appellant's Appendix Vol. II at C-8. Therefore, we cannot find that the District Court erred.

## VIII.

Roche's final argument is that the District Court erred in refusing to award exemplary damages. Act 6 provides that an insured may challenge an insurance provider's refusal to pay for medical care and that conduct that is considered "wanton shall be subject to payment of treble damages to the injured party." 75 Pa. C.S.A. § 1797(b)(4). Roche argues that NJMIC's behavior was a clear example of bad faith and therefore violated § 1797(b)(4).

We have defined bad faith as a "frivolous or unfounded refusal to pay, lack of investigation into the facts, or a failure to communicate with the insured." Frog, Switch, & Mfg. Co. v. Travelers Ins. Co., 193 F.3d 742, 751 n.9 (3d Cir. 1999). Here we cannot conclude that such bad faith was present. NJMIC never denied Roche coverage but rather requested more information to make the necessary cost containment calculations under Act 6. It did not make frivolous refusals to pay but continued to request the proper documents so that it could fulfill its obligations under its policy with Roche's stepfather. Accordingly, we find that the District Court did not err in denying Roche's claim for exemplary damages.

IX.

We have reviewed all of Roche's arguments and see no grounds for reversal. We affirm the District Court in full.

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

/s/ Samuel A. Alito, Jr.
Circuit Judge